IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

THOMAS J. MARTIN,                           Civ. No. 07-6260-HO

            Plaintiff,                      ORDER

    v.

KENT D. HOWE,

            Defendant.

    Plaintiff Thomas J. Martin represents himself in this action. The first amended complaint alleges jurisdiction pursuant to 42 U.S.C. § 1983.

    A document attached to the first amended complaint dated September 17, 1997, provides that Brett H. Martin purchased a tract of land consisting of parcels one, two and three, known as tax lots 100, 101 and 1401, respectively, that parcel two is also known as 88838 Hale Road, No. 2, Noti, Lane County, Oregon, 97461, that "Thomas Martin has resided at 88838 Hale Rd. on parcels one two [sic] continually since 1979[,]" and that Brett Martin desires to lease parcel two, consisting of five acres, two

septic systems and a mobile home owned and occupied by Mrs. ME
Wright, to Thomas Martin for a period of 24 years commencing
September 17, 1997.  See also, Thomas Martin Aff., ex. 1.

Plaintiff filed a motion for partial summary judgment and
defendant filed a motion for summary judgment.

> The judgment sought should be rendered if the
> pleadings, the discovery and disclosure materials on
> file, and any affidavits show that there is no genuine
> issue as to any material fact and that the movant is
> entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

Plaintiff contends that defendant, the Planning Director for
Lane County, Oregon, used false information to prevent plaintiff
from replacing an aging mobile home on property plaintiff holds
in tenancy for years, and deprived plaintiff of substantive and
procedural due process rights.  Pl's Memo. at 2.

Defendant argues that plaintiff failed to exhaust its permit
process, and plaintiff is not lawfully entitled to replace the
aging mobile home on parcel two.

## Undisputed Facts

In November 1975, Mr. Robert Wright requested a feasibility
study to build on the property allegedly purchased by Brett
Martin in 1997.  Mr. Wright was told to see the planning
department because minor partitioning would be required.

Mr. Wright requested a partition and permit to install a
sewage disposal system on tax lot 100.  The planning department

noted that Mr. Wright's request could not be approved because it did not comply with the subdivision ordinance.

On December 3, 1975, the Lane County Department of Health and Sanitation issued a notice to abate violation to Mr. Wright for installing a sewage disposal system and parking a mobile home without permits.

On December 3, 1975, Lane County planner Helen Newman sent a letter to Mr. Wright informing him that approval of a sewage disposal system does not entitle him to install such a system or a mobile home without a building permit, and that Mr. Wright would be subject to legal action if he were to install a sewage disposal system without a permit.

On December 15, 1975, Mr. Wright spoke with Lane County enforcement officer R. Lowry. R. Lowry's notes indicate that R. Lowry personally observed that a septic system had been installed on Mr. Wright's property, that Mr. Wright was aware of the requirement that the property be partitioned and that Mr. Wright indicated he would not partition the property.

In approximately 1978, Robert Wright sued Lane County. The trial court denied Robert Wright's motion for summary judgment and granted Lane County's motion for summary judgment. The court found that a 40-foot right of way created at the time Hale Road was created did not control the actual driving surface of the road, and that Lane County could continue to maintain the road at

present width.  The Oregon Court of Appeals affirmed.

On January 24, 1979, the Board of County Commissioners of Lane County enacted Lane County Zoning and Land Use Ordinance No. 710.  The board ordained that Robert's Wright property is rezoned from Farm Forestry (FF-20) District to Agriculture, Grazing and Timber Raising (AGT-5) District.  Thomas Martin Aff., ex. 2.  The board provided that it enacted the ordinance in the exercise of its police power for the purpose to meet an emergency and that the ordinance shall take effect immediately for the immediate preservation of the public peace, health and safety.  Id.

On March 30, 1979, the board of commissioners issued Order No. 79-3-6-3 adopting findings of fact in support of Ordinance 710.  Thomas Martin Aff., ex. 3.

On April 26, 1979, the Lane County Land Development Review Committee (LCDC) conditionally approved Robert Wright's request to partition his land.  The approval was valid for one year, subject to the following conditions: that a final partition map be submitted; that parcels 1 and 2 be approved for subsurface sewage disposal; that surveys for parcels 2 and 3 be filed with the surveyor's office; that a right of way of 30 feet from centerline along Hale Road be dedicated; and that a description of the dedication be prepared and submitted to the planning division with a deed of ownership.

On May 13, 1980, the acting chairman of the LCDC informed

Mr. Wright by letter that the conditional approval for partition had expired without completion of the conditions and that if he intended to partition the land in the future, Mr. Wright would have to submit a new application, which would be reviewed under current zoning and subdivision regulations.

On February 29, 1984, the board of commissioners adopted Ordinance No. PA 884. This ordinance applied an attached designation and zones to rural lane county and, with certain exceptions, repealed prior plan and zone designations. Thomas Martin Aff., ex. 14.

In August 2006, Lane County received a request from Brett Martin to replace a mobile home on tax lot 101. Lane County informed Brett Martin that he needed to apply for a verification of replacement rights.

On August 17, 2006, Lane County principal planner Matt Laird informed plaintiff that AGT 5 zoning on the property was repealed in 1984, the property is zoned E40, the property is subject to a 40 acre land division requirement under PA 884, and Mr. Wright's partition application expired without final approval.

On September 12, 2006, Matt Laird responded to plaintiff's September 9, 2006 letter. Laird informed plaintiff that in order to research the history of zoning on the property, plaintiff would need to submit a research request application and fee.

On September 30, 2006, defendant responded to a letter from

5 - ORDER

plaintiff dated September 28, 2006. Defendant provided a chronology of events associated with the referenced property.

In letters dated October 3 and 11, 2006, defendant demanded payment for loss of rights to live on the property. Lane County processed the demands as a Measure 37 claim.

Lane County issued a Legal Lot Verification Report dated January 18, 2007. The report lists Brett Martin as the applicant. The report further provides that tax lot 1401 is not a legal lot, the report is preliminary, and a final legal lot decision "will be made at the time of 'Application for Notice,' which is a notice that is sent to adjacent property owners per L.C. 13.020." Def's Attach. 30. The record contains a similar report with same date for tax lot 101. Nickel Depo. ex. A.

On February 13, 2007, Lane County received a letter from plaintiff disputing the preliminary lot verification report.

On March 14, 2007, Lane County responded to plaintiff's March 12, 2007 letter. Lane County informed plaintiff that if he is attempting to determine whether Lane County recognizes tax lot 101 as a lawfully created parcel of land, then he will need to "apply for a Legal Lot Verification application." Def's Attach. 32. Lane County further advised plaintiff that in order to replace a dwelling in the E40 zone, a "Verification of Replacement Rights" application must be submitted pursuant to Lane Code 16.212(5)(a)[,]" and that "Lane County will then make a

land use decision to determine if the dwelling was lawfully established." Id.

## Plaintiff's Additional Facts

Plaintiff provides the following additional facts disputed by defendant.

In 2007, defendant failed to reveal to plaintiff that the planning department recorded Mr. Wright's partition in 1979 and that the recorded plat is the basis for the county's forty-foot right of way on Hale Road as it exists today.

Due to the judgment in Wright v. Lane County, Circuit Court Case No. 77-6907, Lane County could not accept a thirty foot deed from Robert Wright because doing so would have created an illegal fifty foot right of way. Dedication of the thirty foot right of way was the only unsatisfied condition on the conditional approval of Wright's partition.

Plaintiff's son purchased the Hale Road property from the Oregon Department of Veterans' Affairs in 1997, nine years after the State of Oregon purchased the property at a sheriff's sale following foreclosure. The sheriff sold the property as a tract and ODVA sold a tract that had been mortgaged in the 1970s.

After plaintiff sought to replace a dwelling on property he leases, defendant insisted that plaintiff proceed in a land use decision process where he would have to pay a fee exceeding one thousand dollars to determine if the parcel he leases was

7 - ORDER

lawfully created before his application would be processed.

The preliminary legal lot verification report is based on false evidence.[1]

## Discussion

Plaintiff argues that he was entitled to a simple building permit, and

> In a fair process, plaintiff would have been told that a replacement permit would not be necessary, as the records show that the three parcels were legal lots of record in 1979 just as they are today in Lane County records. Finally, the issue of zoning should be determined by the emergency nature of special law 710, and the supporting findings, rather than on the vague implications of repeal found in the language of the general act, PA 884.

Pl's Memo. at 15.

Plaintiff declined to participate in a land use decision process. Regardless of whether defendant's determinations regarding tax lots 1401 and 101 and requests to replace an aging mobile are correct, plaintiff identifies no procedures withheld or mandated by Lane County that violate the Due Process Clause of the United States Constitution. Nor does plaintiff identify actions by Lane County that are so arbitrary, capricious or

---

[1] Plaintiff does not specifically identify the allegedly false evidence in paragraph eight of his concise statement of facts. Paragraph 11 of the first amended complaint alleges that the plaintiff paid for a legal lot verification on parcel three, that a county employee erroneously issued a report on parcel two, and that the report's finding is based on two false facts: that an unlawful partition took place in 1982; and that the legal zoning for the land in 1982 was AGT 20 acre minimums for development or partition purposes.

8 - ORDER

shocking to the conscience as to give rise to a claim for substantive due process.

## Conclusion

Based on the foregoing, plaintiff's motion for partial summary judgment [#14] is denied, defendant's motion for summary judgment [#19] is granted, and this action is dismissed.

SO ORDERED.

DATED this  13th   day of March, 2009.

                                       s/ Michael R. Hogan
                                    United States District Court